JOSEPH TEAGARDEN *et al.* v. THE BOARD OF COMMIS-SIONERS OF LINN COUNTY.

JOURNAL ENTRY—*Appearanee—Correction of Record.*  The journal en-try of a ruling of a trial court sustaining a motion to retax costs, re-citing that the adverse party excepted to the ruling, sufficiently shows an appearance; and if, as a matter of fact, there was no notice or appearance, the record ought to have been corrected in this respect before these proceedings in error were instituted.

*Error from Linn District Court.*

THE case is sufficiently stated in the opinion.

*James D. Snoddy*, for plaintiff in error:

The motion to retax costs was filed on the 12th day of June, 1889.   This was one week and a day after the June term be-gan.   This was the seventh day of the June term.   On the ninth day of the June term, being the 14th day of the month of June, 1889, without any notice to. the plaintiffs or any waiver of notice or appearance by them, the court proceeded to modify a judgment of the former term of the court through the medium of a motion to retax costs.   Sections 568, 569 and 570 of the code grant the power to the district court to

vacate or modify its own judgments at a term subsequent to that at which the judgment is rendered, and prescribe the mode of procedure.   In these sections, there is no suggestion of the summary process of the "motion to retax costs."   Of course the plaintiffs concede that, by proper proceedings and upon proper motion, with notice which would give the court jurisdiction, this motion might have been heard.   But they insist that the court had no power to modify the judgment in their absence and without their knowledge.   It is true that the judgment recites that the plaintiffs, by their attorney, excepted.   This must have been put into the record out of pure generosity by the court or counsel for the defendant, for there was no appearance by the plaintiffs, and there was, by the undersigned, an express declination of appearance and an express statement of a total want of authority from the plaintiffs to appear for them as to this motion.   No notice of this motion was ever given the attorney for plaintiff, and he had no knowledge of its character until it was being heard.   Section 569 of the code provides that a motion to correct an irregularity in a judgment can only be heard after reasonable notice. Section 534 of the code prescribes the notice.   In this case these laws were disregarded.   Without obedience to them the court was powerless to proceed.

No brief on file for defendant in error.

Opinion by SIMPSON, C.: This was an appeal from the award of damages for the location of a road.   The amount claimed by the plaintiffs was $1,250.   The amount awarded by the county commissioners was $25.   Upon appeal, the verdict of the jury was for the plaintiffs in the sum of $20. No pleadings were filed or required in the district court. Upon the return of the verdict, the plaintiffs moved for a new trial.   This motion was overruled, and judgment entered by the court for the plaintiffs, for $20 damages and $107.50 costs.   This judgment was entered at the fall term, November 21, 1888.   The June term of the district court for Linn county for 1889 began on the first Tuesday of June. (Laws

of 1889, ch. 118, § 2.) The first Tuesday of June, 1889, was the 4th day of the month. A motion to retax costs was filed on the 12th day of June, 1889. This was one week and a day after the June term began. This was the seventh day of the June term. On the ninth day of the June term, being the 14th day of the month of June, 1889, the court heard the motion to retax costs, and sustained it, and adjudged all the costs against the appellants, the plaintiffs in error here. This motion was as follows:

"Now comes the defendant, and moves the court to retax the costs in this case and tax them against the plaintiffs, instead of the defendant, and render judgment therefor against said plaintiffs, for the reason that this action is an appeal from the decision and award of the county commissioners of said county granting to the plaintiffs $25 damages for the location and establishment of a public highway over and across the lands of said plaintiffs; that a warrant of said county, duly and legally made and executed by said county, was tendered to said plaintiffs, in the sum of $25, in payment of said damages, before this case was appealed to the district court, and said warrant remained in the office of the county clerk of said county, subject to the order of said plaintiffs; that the said plaintiffs refused to accept the same and prosecuted their appeal to a final judgment in this court; that said warrant was at all times subject to the order and disposition of said plaintiffs, from the time of its execution and tender to the plaintiffs up to the verdict and judgment upon appeal to this court; that the plaintiffs, upon the trial of this case upon appeal to this court, recovered a judgment for $20 and no more."

The journal entry sustaining the motion for a retaxation of costs recites that the plaintiffs' attorney duly excepted and excepts to the ruling. Counsel for the plaintiffs in error alleges in his brief that he had no notice of the motion, and that the exceptions were put in the record by the generosity of the court or opposing counsel.

In the present condition of the record, we can only recommend an affirmance of the judgment. If the record does not state the truth about the presence of the plaintiffs in error at the time the motion to retax the costs was sustained, it ought

to have been corrected before this proceeding in error was instituted in this court. The object of a notice being to acquaint the adverse party of the time at which the motion will be heard, and of the causes of the motion, and the record reciting the objection of the plaintiffs taken at the time of the ruling, it sufficiently appears that all the purposes of a notice were subserved.

We recommend an affirmance of the judgment.

By the Court: It is so ordered.

All the Justices concurring.